William A. SCHROEDER, etc., et al., Plaintiffs, Appellees,

v.

Siro J. LOTITO, Jr., et al., Defendants, Appellants.

No. 84–1379.

United States Court of Appeals, First Circuit.

Argued Oct. 3, 1984.

Decided Nov. 1, 1984.

Michael J. Kiselica, Providence, R.I., for defendants-appellants.

Berndt W. Anderson, Providence, R.I., with whom Roberts, Carroll, Feldstein & Tucker, Providence, R.I., was on brief for plaintiffs-appellees.

Before COFFIN and BOWNES, Circuit Judges, and WEIGEL,* Senior District Judge.

* Of the Northern District of California, sitting by    designation.

PER CURIAM.

In this case involving an infringement upon a registered trademark, the district court found that "the defendant's use of an ersatz union bug in the hope of attracting printing business, especially political printing business, constituted a violation both of 15 U.S.C. § 1114, and 15 U.S.C. § 1125(a), as well as being in violation of the Rhode Island State Trademark statute and the state common law of unfair competition." The court issued an injunction restraining the defendant from use of this or any other ersatz union bug and, in a separate decision, awarded the plaintiffs an accounting of profits totaling $635.91 and attorney's fees and costs totaling $5,175. At oral argument, the defendant conceded the validity of the injunction and, consequently, the validity of the district court's findings of trademark violations. Defendant's sole challenge is to the award of profits and attorney's fees.

■■■ The district court awarded an accounting of profits solely under Rhode Island law because it appeared that plaintiffs had not given the notice of registration required under federal law for such an award. 15 U.S.C. § 1111. Under Rhode Island law, however, registration of a mark is itself constructive notice of the registrant's claim of ownership. R.I.Gen.Laws § 6–2–4. In order to recover lost profits under Rhode Island law, the court must make a finding of fraudulent intent on the part of the defendant. *Bostitch, Inc. v. King Fastener Co.*, 87 R.I. 274, 140 A.2d 274, 284 (1958). The district court expressly made such a finding and we do not find it clearly erroneous. Defendant also argues that no profits should be awarded to the plaintiff because it is a union and does not itself engage in the printing business and, therefore, cannot have suffered any loss of profits. We believe the district court exercised its equitable powers appropriately by giving a windfall to the trademark owner rather than the trademark infringer. *Accord Mishawaka Mfg. Co. v. Kresge Co.*, 316 U.S. 203, 207, 62 S.Ct. 1022, 1024, 86 L.Ed. 1381 (1942).

■■ The award of attorney's fees and costs was made under federal law rather than state law because there was considerable doubt as to whether state law permitted recovery of attorney's fees. The primary question here is whether the plaintiff was barred from recovering attorney's fees because it had failed to give the notice of registration required by 15 U.S.C. § 1111; plaintiff had not displayed the mark with the words "Registered in U.S. Patent and Trademark Office" or "Reg. U.S. Pat. & Tm. Off." or with the letter R enclosed within a circle. 15 U.S.C. § 1111 states, "in any suit for infringement under this chapter by such a registrant failing to give such notice of registration, no profits and no damages shall be recoverable under the provisions of this chapter unless the defendant had actual notice of the registration." The limitations of § 1111 are incorporated by reference into 15 U.S.C. § 1117, which authorizes recovery for profits, damages, costs, and attorney's fees. The district court found that, unlike profits and damages, there was no requirement of notice for the award of attorney's fees. Section 1111, by its language, places a notice requirement only upon the recovery of profits and damages. Furthermore, the legislative history of the attorney's fees provision indicated that it was considered to be essentially an equitable remedy. S.Rep. No. 1400, 93rd Cong., 2nd Sess., *reprinted in* 1974 U.S.Code Cong. & Ad. News 7132, 7137. We see no intent by Congress to limit this equitable remedy by requiring the statutory notice of § 1111. The only requirement Congress placed upon the award of attorney's fees was that the case be "exceptional," § 1117. The legislative history shows that Congress intended "exceptional" to mean malicious, fraudulent, deliberate, or willful infringement. *Id.* at 7133. The district court made such a finding and there is no basis for rejecting it.

*Affirmed.*

Costs to appellee.